UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRETT MURRAY, a U.S. Citizen,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
### (Pursuant to the Montreal Convention)

The Plaintiff, Brett Murray, sues the Defendant, American Airlines, Inc., for damages and alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), of interest, costs and attorney's fees.

2. Jurisdiction is proper in the federal courts of the United States pursuant to 28 U.S.C. §1331(a), in that this is a civil action which arises under the laws and treaties of the United States, namely the *Convention for the Unification of Certain Rules Relating to International Transportation by Air*, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention") and/or the *Convention for the Unification of Certain Rules Relating to International Transportation*, concluded at Warsaw, Poland on October 12, 1929, as amended at The Hague, 1955 (the "Warsaw Convention"), 49 Stat. 3000, reprinted in 49 U.S.C. §1502, *et seq.*, and all relevant laws applicable thereunder.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130 Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

CASE NO.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), since the matter in controversy is between citizens of different States and the amount in controversy exceeds the statutory requirement of Seventy Five Thousand Dollars ($75,000.00).

4. At all times material, Plaintiff Brett Murray was and is a resident of Florida, over the age of 21 and otherwise sui juris.

5. At all times material, Defendant, American Airlines, Inc. ("American"), was and is a foreign Corporation with its principal place of business in Ft. Worth, Texas, doing business in Miami Dade County, Florida.

6. At all times material, CT Corporation System, 1200 S. Pine Island Road, Plantation, Fl. 33324, is and was the Registered Agent of American and is authorized to accept service of process pursuant to Fla. Stat. §48.091.

7. Venue is founded upon 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

8. On December 22, 2009, American was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights in aircraft owned, leased, operated, managed, maintained and/or controlled by American and its agents and/or employees. As a common carrier, American was and is obliged to provide the highest degree of care to its passengers.

9. On December 22, 2009, American was the owner, lessee, operator, and/or entity in control of American Flight 331, from Miami, Florida to Kingston, Jamaica.

-2-

CASE NO.

10. American was the owner and/or operator of the subject aircraft, and employer of the crew and flight attendants on American Flight 331, from Miami, Florida to Kingston, Jamaica.

11. American owned, operated, maintained, and/or otherwise controlled by and through its agents or employees, acting within the course and scope of their employment, the subject aircraft and was responsible for the actions of the flight crew.

12. On December 22, 2009, Plaintiff, Brett Murray was a paying passenger on American Flight 331. Accordingly, pursuant to Article 28 of the Warsaw Convention and Article 33(1) of the Montreal Convention, Plaintiff brings this action before the Court having jurisdiction where the carrier, American, is ordinarily resident.

13. During the landing in Kingston, Jamaica aboard Flight 331, the aircraft overran the runway and crashed at Norman Manley International Airport in Kingston, injuring Mr. Murray and many other passengers.

14. Consequently, through no fault of his own, Mr. Murray was seriously injured which injuries include, but are not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses.

### COUNT I
### Claim for Damages Under the Warsaw and Montreal Convention

15. At all times material, American was under a duty to operate and control the subject aircraft, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

CASE NO.

16. American breached its duty to use reasonable care and/or exercise the highest degree of care and/or negligently and/or carelessly discharged its duties by, among other things:

    a. By failing to exercise reasonable care in the safety of its passengers, specifically Mr. Brett Murray, while operating the aircraft;

    b. by placing Mr. Brett Murray in a position of immediate peril and risk of injuries;

    c. by failing to ensure that the operators and flight crew of the subject aircraft used standard, reasonably prudent and acceptable piloting techniques and skills in the operation of the subject flight;

    d. by failing to properly train, supervise, and/or monitor flight crews, including pilots;

    e. by failing to properly navigate and/or operate the subject aircraft in a safe and competent manner given the prevailing weather, visibility, and runway conditions;

    f. by failing to comply with the landing instructions from the air controller in Kingston, Jamaica;

    g. by overshooting the runway;

    h. by failing to warn passengers on the subject flight of the danger due to the Defendant's failure to provide a flight crew capable, trained and able to properly and safely operate the subject aircraft; and/or

    i. by otherwise being negligent and/or legally liable under applicable law.

17. As a direct and proximate result of the aforementioned negligent acts of American, Mr. Brett Murray sustained permanent injury including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses. The losses are permanent and Mr. Brett Murray will suffer continuing losses in the future.

18. Furthermore, under the Warsaw Convention Treaty together with the Montreal Agreement and the International Air Transport Association Intercarrier Agreement on Passenger

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

CASE NO.

Liability, American is automatically liable for the accident without regard to fault and is obligated to pay full, fair and reasonable damages to the Plaintiff, Mr. Brett Murray.

19. American did not take all necessary measures to avoid the subject incident and the injury to Mr. Brett Murray and is therefore subject to unlimited damages.

WHEREFORE, Plaintiff, Brett Murray demands judgment against American Airlines, Inc. for compensatory damages, costs and such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, Brett Murray demands a trial by jury of all issues so triable as of right.

DATED this 15th day of April, 2010.

Respectfully submitted,

PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida  33130
(305) 358-2800 / Fax (305) 358-2382


By:  /s/ Steven C. Marks
       STEVEN C. MARKS
       Fla. Bar No. 516414